UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ABS HEALTHCARE SERVICES, LLC,     CASE NO. 0:21-CV-60859-RKA
HEALTH OPTION ONE, LLC, and
ONE STOP QUOTES, INC.,

               Plaintiffs,

v.

ANDREW SHADER, COREY SHADER,
NATIONAL HEALTH SOLUTIONS, INC.,
INFINIX MEDIA LLC, PRODIGY
HEALTH GROUP LLC, ADAM BEEMAN,
JOY STORMONT, ALLIANCE MARKETING
CORPORATION, KRATOS INVESTMENTS LLC,
HEALTH TEAM ONE LLC, RICHARD RYSCIK,
SCOTT OFFUTT, BEEMAN'S FUTURE INC.,
CS MARKETING LLC, and C SHADER
INVESTMENTS LLC,

               Defendants.
_____/

## JOINT CONSOLIDATED REPLY IN SUPPORT OF MOTION TO DISMISS, ABSTAIN, COMPEL ARBITRATION AND/OR STAY

Benjamine Reid / Fla. Bar No. 183522
E-mail: bried@carltonfields.com
Alan Grunspan / Fla. Bar No. 451150
E-mail: agrunspan@carltonfields.com
Clifton R. Gruhn / Fla. Bar No. 72542
E-mail: cgruhn@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone: 305-530-0050

Howard D. DuBosar / Fla. Bar No. 729108
E-mail: hdubosar@wsh-law.com
Harrison R. DuBosar / Fla. Bar No. 1002241
E-mail: HRDuBosar@wsh-law.com
WEISS SEROTA HELFMAN COLE & BIERMAN
1200 N. Federal Highway, Suite 312
Boca Raton, Florida 33432
Telephone: 561-835-2111

James A. Gale / Fla. Bar No. 371726
E-mail: jgale@cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail: slewis@cozen.com
David M. Stahl / Fla. Bar No. 84713
E-mail: dstahl@cozen.com
Jonathan E. Gale / Fla Bar No. 106938
E-Mail: jegale@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: 305-358-5001

Defendants Andrew Shader, Corey Shader, National Health Solutions, Inc., Infinix Media LLC, Prodigy Health Group LLC, Adam Beeman, Joy Stormont, Alliance Marketing Corporation, Kratos Investments LLC, Health Team One LLC, Richard Ryscik, Scott Offutt, Beeman's Future Inc., CS Marketing LLC, and C Shader Investments LLC (collectively, "Defendants"), respectfully submit this reply in support of their joint motion for an Order of (i) dismissal under Federal Rules of Civil Procedure 12(b)(6) and 9(b); (ii) Rule 12(b)(1) dismissal under the *Rooker-Feldman* doctrine; (iii) dismissal under the *Colorado River* abstention doctrine; or (iv) in the alternative, an Order staying this matter pending the resolution of numerous, related arbitrations (the "Motion").

## I.     Introduction.

The Court should dismiss this meritless and vexatious action. Plaintiffs concocted it for press and public consumption,[1] to forum-shop in reaction to adverse state court rulings, and to force Defendants to incur unnecessary fees and costs. *See Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) ("The mere assertion of a RICO claim consequently has an almost inevitable stigmatizing effect on those named as defendants. In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.").

Having filed the case, Plaintiffs now beg the Court to disregard its lack of merit. Indeed, Plaintiffs go even further. They contend that, because they have "agreed to consent" to arbitration "[a]fter reviewing Defendants' Motion," the Court has no jurisdiction to assess the merits of their frivolous RICO claims, *see* [ECF No. 49] ("Resp."), at 1, notwithstanding that Plaintiffs were ordered by multiple other courts to pursue their claims in arbitration. Plaintiffs' message is clear: they thank the Court for the use of its public docket, but they would really prefer to be going. The

---

[1] Within a day of filing this lawsuit, Law Street Media published an article regarding ICD's civil RICO complaint against Defendants.

Court, however, has power to address a frivolous claim filed in bad faith and should dismiss the Complaint for the jurisdictional and substantive reasons described in the Motion.

## II. Plaintiffs Have Now Filed Another Arbitration Based On The Same Operative Facts And Legal Theories.

Plaintiffs responded to the Motion on July 8, 2021. Three days later, on July 11, 2021, Plaintiffs filed yet another case—their thirteenth—based on the same operative factual allegations and legal theories underlying this Complaint (and all the others). Defendants attach at Exhibit 1 a revised Related Case Table (including Plaintiffs' July 11, 2021 arbitration demand) and request that the Court incorporate them into Defendants' Motion for Judicial Notice [ECF No. 35].

## III. Plaintiffs Waived Opposition to Defendants' Arguments For Dismissal Under Rules 12(b)(6) and 9(b).

Plaintiffs' response does not address any of defendants' grounds for dismissal for failure to state a claim under Rule 12(b)(6) and failure to allege fraud with particularity under Rule 9(b). Their failure to timely oppose defendants' arguments waives their right to do so. Plaintiffs requested and received a 20-day extension of their deadline to respond to the motion to dismiss, and the Court permitted them to file a 40-page brief. [ECF Nos. 29 & 48]. Plaintiffs opted to file a 14-page brief addressing only Defendants' claim-splitting, *Rooker-Feldman*, and *Colorado River* arguments. The Court should accordingly treat Defendants' Rule 12(b)(6) and 9(b) arguments as unopposed and adjudicate the motion to dismiss based solely on the lack of sufficiency of the allegations in plaintiffs' Complaint. *See Files v. DeKalb Cty. Sch. Dist.*, No. 1:11-CV-1798-JEC, 2012 WL 716055, at *5 (N.D. Ga. Mar. 5, 2012) (granting motion to dismiss as unopposed because plaintiffs abandoned the claim when they failed to respond to defendant's dismissal arguments); L.R.Civ.P.

7.1(c)(1) (failure to oppose motion "may be deemed sufficient cause for granting the motion by default").[2]

## IV.     Plaintiffs' Demand for an Order "Compelling" Arbitration Is A Litigation Ploy.

Plaintiffs plainly do not want the Court to determine whether the Complaint alleges actionable RICO claims. They say the Motion convinced them to arbitrate but nevertheless ask the Court to "compel" them to do so. Resp., at 4, 14. Even overlooking that Plaintiffs had been repeatedly ordered by state courts to arbitrate their disputes, at this procedural stage, the simple, obvious, and most efficient course for a plaintiff who decides—in good faith and on second thought—to arbitrate pending federal claims is to file a voluntary notice of dismissal under Rule 41(a)(1)(A)(i) and then amend one of the numerous pending arbitrations. Plaintiffs' refusal to dismiss this action reveals the real reasons why Plaintiffs filed this action in the first place.

If there were any doubt as to Plaintiffs' true intentions, the Court need only consider Plaintiffs' most recently filed arbitration. Following a hearing on April 12, 2021, the Broward Circuit Court ordered Plaintiffs to pursue their claims in arbitration. *ABS Healthcare Services, LLC v. Shader,* 2021 WL 2115257 (Fla. Cir. Ct.). Thereafter, the Broward Circuit Court set a status conference for July 12, 2021. Rather than explain to the Broward Circuit Court why Plaintiffs had still not filed an arbitration as ordered, on July 11, 2021, Plaintiffs at long last filed an arbitration based on the same operative facts and underlying issues of law as they raised in the instant action.

---

[2] *See also GVB MD v. Aetna Health, Inc.*, 2020 WL 1692635, at *4 n.5 (S.D. Fla. Apr. 7, 2020) ("A party who aspires to oppose a motion must spell out his arguments squarely and distinctly, or else forever hold his peace." (internal quotation and citation omitted)); *Id.* ("[F]ailing to respond to an argument in a motion to dismiss is equal to conceding that argument." (citing *GolTV, Inc. v. Fox Sports Latin Am., Ltd.*, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017))); *Nix v. ESPN, Inc.*, 2018 WL 8802885, at *7 (S.D. Fla. Aug. 30, 2018) ("Plaintiffs do not respond to these arguments [for dismissal] and so conceded them.").

Thus, to the extent that Plaintiffs want this Court to "compel" them to arbitrate, it is because they had already been ordered to do so (repeatedly), and because Plaintiffs know very well that their claims asserted in the instant action are meritless.

### V. Plaintiffs Cannot Deprive This Court of Subject Matter Jurisdiction to Address All Grounds for Dismissal.

Plaintiffs incorrectly assert that, because they have suddenly announced that their claims "should" be arbitrated, "the Court lacks subject matter jurisdiction to entertain any of the other arguments in the Motion." Resp., at 1. Indeed, Plaintiffs alleged that "[t]his court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, and under 18 U.S.C. § 1964." *See* Complaint, ¶29. Plaintiffs may not claim that the Court lacks subject matter jurisdiction while simultaneously asking this Court to stay, rather than dismiss, this action.[3]

The Court determines the scope of its subject matter jurisdiction based on the applicable substantive law and jurisdictional statutes. Plaintiffs cite no statute or case law for the proposition that the Court lacks jurisdiction to determine, on a properly filed motion to dismiss, whether plaintiffs here have impermissibly split claims or violated the *Rooker-Feldman* doctrine, or to dismiss this action as vexatious and reactive under the *Colorado River* abstention doctrine. The Court likewise has ample discretion regarding how and whether to address Defendants' Rule 12(b)(6) and 9(b) arguments for dismissal. Plaintiffs' suggestion that the Court lacks jurisdiction is merely a calculated effort to escape a ruling that their claims are meritless.

---

[3] Were this Court to agree with Plaintiffs and dismiss this action for lack of subject matter jurisdiction, Plaintiffs would have no grounds to appeal such as a decision as Plaintiffs invited the result. *See Yellow Pages Photos, Inc., v. Ziplocal, LP,* 795 F.3d 1255, 1283 (11th Cir. 2015) ("The doctrine of invited error 'stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal.'" (quoting *United States v. Brannan,* 562 F.3d 1300, 1306 (11th Cir. 2009); *United States v. Ross*, 131 F.3d 970, 988 (11th Cir.1997))).

4

While the generally preferable approach is for courts to decide jurisdictional questions under Rule 12(b)(1) before addressing merits questions under Rule 12(b)(6), courts can address merits issues "when the plaintiff's claim has no plausible foundation."[4] *Jones v. State of Georgia*, 725 F.2d 622, 623 (11th Cir. 1984). That is precisely what Defendants' Motion contends: after repeated losses in state court, Plaintiffs filed a baseless RICO complaint in order to make scurrilous and false allegations of illegal conduct against defendants  Now, Plaintiffs seek to avoid the Court's determination as to whether their RICO claims have no plausible foundation.

Finally, if this Court accepts Plaintiffs' representation that they are willing to arbitrate its claims (as they have been ordered to do repeatedly), the Court should dismiss this action since all of the issues they have raised here have or can be submitted to arbitration. *See Perera v. H&R Block Eastern Enterps., Inc.*, 914 F.Supp.2d 1284, 1290 (S.D. Fla. 2012) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration.").

### VI. The Doctrine Barring Claim Splitting Squarely Applies to Plaintiffs' Conduct and Warrants Dismissal of the Complaint.

Plaintiffs do not deny that their Complaint takes the same transactions, events, and contracts that formed the basis of the numerous state court complaints and arbitrations they have already filed, and simply changes the legal theory to RICO. Plaintiffs, however, assert that the claim splitting doctrine is inapplicable when claims are split between state and federal court cases. Plaintiffs quote language from the Supreme Court's *Colorado River* abstention case (in which, notably, the Supreme Court *dismissed* a parallel federal case in favor of a pending state case), Resp., at 7, but the claim splitting rule is not an abstention doctrine.

---

[4] Plaintiffs' response quotes the general rule of *Jones v. State of Georgia* but omits the part about claims with "no plausible foundation." Resp., at 2.

The claim splitting bar precludes a party from improperly filing serial, harassing litigation in numerous forums based on the same set of operative facts and transactions. *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("The fact that the present suit redescribes the wrongful acts alleged in the earlier ones as predicate acts in support of the RICO claim is irrelevant. You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."). Numerous courts have held that the doctrine applies equally to claims split between federal and state courts. *See, e.g.*, *IOU Central, Inc. v. Pezzano Contracting & Development, LLC*, No. 1:19-CV-4882-TCB, 2020 WL 8768632, at *5 (N.D. Ga. Sept. 28, 2020) (dismissing RICO and other claims based on same "transactional nucleus of facts" as prior state court action); *Mohamad v. HSBC Bank N.A.*, No. 6:16-CV-2239ORL-41DCI, 2018 WL 8576597, at *5 (M.D. Fla. Mar. 27, 2018) (dismissing federal claim with prejudice based on claim splitting because claim alleged same common nucleus of operative fact as state court claim); *id.* at *4 ("The doctrine against claim-splitting does not become irrelevant simply because a plaintiff attempts to split his or her claims between a state and federal court, rather than two federal courts."); *see also Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (affirming dismissal for improper claim splitting in concurrent federal and state court litigations) (cited in *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017)).

Plaintiffs suggest, perhaps ironically given the number of separate cases Plaintiffs have already filed (*see* Related Cases Table), that their sudden interest in arbitration is an effort to "promote judicial economy." Resp., at 8. Such a suggestion does not alter the reality that the Court should dismiss the Complaint for violation of the prohibition against claim splitting.

**VII.** ***Rooker-Feldman* Bars This Case.**

Plaintiffs contend that preclusion doctrines other than *Rooker-Feldman* govern their attempt

6

to circumvent numerous state court orders compelling arbitration of the conspiracy theories raised in this case because: (1) those rulings, including from two appellate courts, are not "final judgments"; and (2) Plaintiffs do not "directly" seek review of those rulings, and instead, "agree … that the claims raised here can be arbitrated." *Id.* at 9-10.  Plaintiffs' arguments are wrong as a matter of law.[5]

**First**, *Rooker-Feldman* applies to state court orders regarding the arbitrability of claims. Motion at 11-13 (citing cases applying *Rooker-Feldman* to state court rulings regarding arbitrability and rejecting argument that doctrine was inapplicable to "'non-final interlocutory' order"); *see Dayem v. O'Neil*, 2014 WL 11706455, at *3 (S.D. Fla. Apr. 30, 2014) (applying *Rooker-Feldman* to "state court order that adjudicated the issues Plaintiff wants to retry"); *see also Sarhan v. Rothenberg*, 2008 WL 2474645, at *11-12 (S.D. Fla. June 17, 2008) (applying *Rooker-Feldman* to state court "order" denying motion to remove guardian where order was appealed to Florida district court of appeal and affirmed).

Plaintiffs' own citations recognize that the issue for purposes of *Rooker-Feldman* is the finality of the state court decision at issue, not whether it is titled "judgment."[6]  Here, Florida's Fourth and Third District Courts of Appeal have addressed the arbitration issue, and no further appeal was

---

[5] Plaintiffs are correct, however, to the extent they recognize that other abstention/preclusion doctrines also bar this suit. *See Demeritte v. Novastar Mortg., Inc.*, 2014 WL 5529616, at *2-3 (S.D. Fla. Oct. 30, 2014) (explaining that, to the extent state court decision was final, *Rooker-Feldman* applied, but otherwise, *Colorado River* applied).

[6] Resp. at 8-10 (citing *Smith v. HSBC Bank USA, N.A.*, 679 F. App'x 876, 878 (11th Cir. 2017) (explaining that order denying motion for temporary restraining order was not a "judgment" under Georgia law because it was not a decree or order from which an appeal could be taken); *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1281, 1285 (11th Cir. 2018) (explaining that *Rooker-Feldman* applies to state court "decisions"); Wright & Miller, 18B FED. PRAC. & PROC. § 4469.2 (explaining, among other potential bases, that finality for purposes of *Rooker-Feldman* is satisfied if time to appeal decision has expired and citing *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018) ("To the extent that [the plaintiff] is a 'state court loser' who is challenging the state court's order for his accounting claims to be arbitrated, we agree with the district court that *Rooker-Feldman* would apply, barring his claim in federal court.")).

allowed or attempted by Plaintiffs. Thus, the state court litigation regarding that issue has ended. *See, e.g.*, Fla. R. App. P. 9.020(f) (defining "Order" as a "decision, order, judgment, decree, or rule of a lower tribunal"); Fla. R. App. P. 9.130(a)(3)(C)(iv) (providing for appeal to Florida district courts of appeal of orders determining "the entitlement of a party to arbitrate"); Fed. R. Civ. P. 54(a) (defining "Judgment" as "a decree and any order from which an appeal lies"); *Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 856 (11th Cir. 2013) ("The *Rooker-Feldman* doctrine 'bars federal district courts from reviewing state court decisions' in certain, limited circumstances" and explaining that state court proceeding has ended when, among other circumstances, the highest state appellate court in which review is available has affirmed) (quoting *Nicholson v. Shafe*, 558 F.3d 1266 (11th Cir. 2009)).

**Second**, a complaint need not "directly" attack a state court order to warrant application of *Rooker-Feldman*, as Plaintiffs contend; it is sufficient that the federal proceeding, regardless of the labels a plaintiff gives its claims, would effectively reverse or void a state court's determination. Motion at 11-12 (citing cases explaining that *Rooker-Feldman* applies to any claim that would effectively nullify state court rulings or could succeed only if state court wrongly decided issues, *i.e.* any claim "inextricably intertwined" in the state court ruling); *Figueroa v. Merscorp, Inc.*, 477 F. App'x 558, 559-61 (11th Cir. 2012) (affirming dismissal under *Rooker-Feldman* doctrine of RICO claims where the plaintiff "sought, in effect, to have the district court 'review and reject' the state court proceedings"). Plaintiffs cannot escape the application of *Rooker-Feldman* simply by asserting under a RICO label the same conspiracy theory that state courts have repeatedly sent to arbitration.[7]

---

[7] *Stack v. Mason & Assocs.*, 245 F. App'x 920, 922-24 (11th Cir. 2007) (affirming dismissal under *Rooker-Feldman* doctrine where "[h]aving struck out in state court, the [plaintiffs] decided to take a swing in federal court" by pursuing the same theories labeled as, among others, RICO and Sherman Act claims); *Lapinski v. St. Croix Condo. Assoc., Inc.*, 2017 WL 2869537, at *1, 4 (M.D. Fla. May 24, 2017) (dismissing RICO claim under *Rooker-Feldman* because a ruling in plaintiff's favor would

Plaintiffs do not dispute that they could have raised RICO claims in the state court proceedings, but chose not to do so. Allowing them to proceed with the same theories here under the guise of a RICO claim would essentially be a determination that the state court rulings regarding the arbitrability of those theories were wrong. Nor does the fact that after filing this doomed case and forcing defendants to incur the expense of moving to dismiss, Plaintiffs offered to stay this action in favor of an arbitration that they could have—and did—file without bringing this RICO action. *Rooker-Feldman* is a jurisdictional limitation, and therefore, requires dismissal. Motion at 11-13.

### VIII. The Court Should Dismiss Plaintiffs' Reactive, Vexatious Complaint for Forum-Shopping Under the *Colorado River* Doctrine.

Plaintiffs provided their real response to Defendants' *Colorado River* argument three days *after* they filed their July 8 opposition to Defendants' motion to dismiss, when Plaintiffs commenced yet another arbitration case on July 11—the thirteenth case they have filed to date based on the same set of alleged facts, transactions, and legal theories. *See* Related Case Table (Related Arbitration Case No. 1-A). Plaintiffs do not deny that they have sued substantially the same parties in this RICO case as they have repeatedly sued in state court. They do not deny that they attempt to allege RICO predicate acts here—mail/wire fraud, trade secret theft, and bribery of agents—based on facts and transactions identical to the allegations and claims in the other pending cases. They insist their RICO claims are "legally and conceptually distinct" from their state court breach of contract, theft of trade secrets, and tortious interference claims, Resp., at 11, but do not explain why substantial portions of their RICO complaint are literally cut-and-pasted from their state court complaints and related filings.

---

invalidate state court judgment), *aff'd*, 739 F. App'x 519 (11th Cir. 2018). Plaintiffs' contrary position would render *Rooker-Feldman* a nullity, as any state court loser could avoid its application by merely changing the names of causes of action and filing an otherwise identical complaint in federal court.

9

Plaintiffs intent is to bury defendants in costly, time-consuming, and reputation-damaging litigation. And when things went poorly for plaintiffs in the Broward and Miami-Dade Circuit Courts, plaintiffs simply filed a new action somewhere else (here, on April 21, 2021).

The Court has power and authority to prevent contrived, reactive litigation. In *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, the Supreme Court described bad faith, "vexatious," "tactical" and "reactive" litigation "based on a contrived federal claim" as a meritorious reason "to defer to a parallel state court litigation under *Colorado River*." 460 U.S. 1, 17 n.20 (1983). In *Bosdorf v. Beach*, which defendants mistakenly described in their motion as a RICO case, the court noted that the "First, Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have all stated explicitly that the 'reactive' character of a federal suit weighs in favor of abstaining." 79 F. Supp.2d 1337, 1346 (S.D. Fla. 1999) (citing cases). Here, "it is difficult to conceive of the instant case as anything other than forum shopping and 'reactive litigation'…. after an adverse ruling by the state court." *Id.* The Related Case Table depicts a course of serial complaint filing that will, with near certainty, result in "abnormally excessive and deleterious" piecemeal litigation. *See Baker v. Warner/Chappell Music, Inc.*, 759 Fed. App'x 760, 763-64 (11th Cir. 2018) (affirming *Colorado River* abstention because reactive, vexatious federal complaint created risk of excessive and deleterious piecemeal litigation).

## **CONCLUSION**

A litigant acting in good faith does not file thirteen cases about the same dispute. The Court has jurisdiction and discretion to stop plaintiffs' meritless and scattershot litigation tactics. Defendants respectfully request that the Court dismiss the Complaint in its entirety, or in the alternative, direct plaintiffs to arbitrate their previously filed state court claims and stay this action until the resolution of those arbitrations.

Respectfully submitted,

| | |
|---|---|
| */s/* Benjamine Reid<br>By:_____<br>Benjamine Reid / Fla. Bar No. 183522<br>E-mail:  bried@carltonfields.com<br>Alan Grunspan / Fla. Bar No. 451150<br>E-mail:  agrunspan@carltonfields.com<br>Clifton R. Gruhn / Fla. Bar No. 72542<br>E-mail:  cgruhn@carltonfields.com<br>CARLTON FIELDS, P.A.<br>2 MiamiCentral, Suite 1200<br>700 NW 1st Avenue<br>Miami, Florida 33136<br>Telephone:  305-530-0050<br><br>***Counsel for Andrew Shader, Corey Shader, National Health Solutions, Inc., Alliance Marketing Corporation***<br><br><br>*/s/* Howard D. DuBosar<br>By:_____<br>Howard D. DuBosar / Fla. Bar No. 729108<br>E-mail:  hdubosar@wsh-law.com<br>Harrison R. DuBosar / Fla. Bar<br>    No. 1002241<br>E-mail:  HRDuBosar@wsh-law.com<br>WEISS SEROTA HELFMAN COLE<br>    & BIERMAN<br>1200 N. Federal Highway, Suite 312<br>Boca Raton, Florida 33432<br>Telephone:  561-835-2111<br>***Counsel for Infinix Media LLC, Scott Offutt and CS Marketing LLC*** | */s/* James A. Gale<br>By:_____<br>James A. Gale / Fla. Bar No. 371726<br>E-mail:  jgale@cozen.com<br>Samuel A. Lewis / Fla. Bar No. 55360<br>E-mail:  slewis@cozen.com<br>David M. Stahl / Fla. Bar No. 84713<br>E-mail:  dstahl@cozen.com<br>Jonathan E. Gale / Fla Bar No. 106938<br>E-Mail: jegale@cozen.com<br>COZEN O'CONNOR<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 3000<br>Miami, Florida 33131<br>Telephone:  305-358-5001<br><br>Stephen Miller, *Admitted Pro Hac Vice*<br>E-mail:  samiller@cozen.com<br>Peter M. Ryan, *Admitted Pro Hac Vice*<br>E-mail:  pryan@cozen.com<br>Catherine Yun, *Admitted Pro Hac Vice*<br>E-mail:  cyun@cozen.com<br>**COZEN O'CONNOR**<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>Telephone:  305-665-2130<br><br>***Counsel for Prodigy Health Group LLC, Adam Beeman, Joy Stormont, Kratos Investments LLC, Health Team One LLC, Richard Ryscik, Beeman's Future Inc., and C Shader Investments LLC*** |