UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60859-ALTMAN/Hunt

ABS HEALTHCARE SERVICES, LLC, *et al.*,

      *Plaintiffs,*

v.

ANDREW SHADER, *et al.*,

      *Defendants.*

_____/

## ORDER

The Plaintiffs filed a Complaint [ECF No. 1] against fifteen defendants. The Defendants then filed a Joint Consolidated Motion to Dismiss, Abstain, Compel Arbitration and/or Stay (the "Motion") [ECF No. 34]—requesting (in part) that the Court compel arbitration pursuant to certain "Agent Agreements." The Plaintiffs filed a response in which they consented to arbitration. *See* Plaintiffs' Response to Defendants' Joint Consolidated Motion to Dismiss, Abstain, Compel Arbitration and/or Stay ("Reply") [ECF No. 49]. Because the parties agree to the relief the Defendants sought in their Motion,[1] the Court hereby **ORDERS AND ADJUDGES** as follows:

---

[1]     In their Joint Consolidated Reply in Support of Motion to Dismiss, Abstain, Compel Arbitration and/or Stay (the "Reply") [ECF No. 50], the Defendants ask us to reach the merits of the Complaint, because (they say) the Plaintiffs filed a frivolous, unnecessary, and vexatious lawsuit. Because the Defendants sought and the Plaintiffs agreed to compel arbitration, however, we decline to reach the merits of the Complaint.

But the Plaintiffs contend (1) that it was only "[a]fter reviewing Defendants' Motion" that they agreed the case was arbitrable, *see* Response at 1; and (2) that:

> As summarized in Defendants' Motion, certain parties to this case are currently engage in arbitrations before the American Arbitration Association. On May 4, 2021, the Broward County Circuit Court ordered the parties to that action, which included nine of the Defendants here, to arbitrate. *And, on May 4, 2021, [the Plaintiffs] filed [their] own demand for arbitration against Kratos, Health Team One, and Ryscik, among others, in response to an order compelling arbitration in that action.* Most recently, on June 17, 2021, three

1

1. The Defendants' Motion [ECF No. 34] is **GRANTED in part** to the extent it seeks to compel arbitration. The Plaintiffs shall submit their dispute to binding arbitration as provided in the Motion.

2. This case shall be **STAYED** pending the outcome of the parties' arbitration. The Clerk shall **CLOSE** this case for administrative purposes, all pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

3. **Every thirty (30) days** after the date of this Order, the parties shall jointly file with the Court a report regarding the status of arbitration proceedings.

4. Within **fifteen (15) days** of the arbitration's conclusion, the parties shall jointly file with the Court a notice briefly describing the outcome of arbitration.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of July 2021.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

Defendants in this action, Corey Shader, Andrew Shader, and NHS, filed a claim before the AAA against ICD.

*Id.* at 6 (emphasis added). Since the Plaintiffs have not voluntarily dismissed their claims under Rule 41(a)(1)(A)(i), this Court will retain jurisdiction to entertain (at a later date) any other relief the parties may seek. This relief might include, for instance, any of the various kinds of redress the Defendants seem to seek through their Reply.