UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60859-CIV-ALTMAN/HUNT

ABS HEALTHCARE SERVICES
LLC, et al.,

Plaintiffs,

v.

ANDREW SHADER, et al.,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Defendants' Joint Motion to Temporarily Lift Stay and for Imposition of Sanctions ("Motion"), ECF No. 52. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. *See* ECF No. 69; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record, the Motion, Response and Reply thereto, the hearing that took place on November 4, 2021, and the applicable law, the undersigned respectfully RECOMMENDS that Defendants' Joint Motion, ECF No. 52, be DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiffs brought this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, alleging that Defendants committed mail and wire fraud, stole trade secrets, engaged in commercial bribery, committed racketeering by virtue of these acts, and committed RICO conspiracy. ECF No. 1. On June 4, 2021, Defendants jointly moved to dismiss the complaint and/or compel Plaintiffs to arbitrate all claims and stay the action pending the resolution of the arbitration. ECF

No. 34. In the Motion to Dismiss, Defendants raised arguments that: Plaintiffs were claim-splitting and relitigating issues that are raised in similar actions; this action implicates *Rooker-Feldman* and *Colorado River* abstention doctrines; Plaintiffs were engaging in vexatious litigation; the case should be dismissed for failure to state a plausible claim; or, as an alternative, the action should be arbitrated. ECF No. 34. Plaintiffs responded that they consented to the arbitration. ECF No. 49. Defendants' reply attacked Plaintiffs' consent to arbitration as a ploy and requested that the Court dismiss the complaint. ECF No. 50. The District Court granted Defendants' Motion to Dismiss in part, based on Plaintiffs' consent, to the extent that the Motion sought to compel arbitration. ECF No. 51. The Court stayed the case pending the outcome of the arbitration and closed the case for administrative purposes. ECF No. 51. The District Court acknowledged Defendants' request that the Court reach the merits of the Motion to Dismiss based on the same allegations Defendants raise in the instant motion. ECF No. 51 at 1 n.1. The District Court declined to reach the merits of the Motion and noted that it "will retain jurisdiction to entertain (*at a later date*) any other relief the parties may seek. This relief might include, for instance, any of the various kinds of redress the Defendants seem to seek through their Reply." ECF No. 51 at 1 n.1 (emphasis added).

Four days later, Defendants filed the instant motion seeking to reopen the case and impose many of the same sanctions they sought in their Reply in support of the Motion to Dismiss. ECF No. 52. Plaintiffs filed a response in opposition and Defendants filed a reply in support of the instant motion. This Court held a hearing on the Motion on November 4, 2021.

## DISCUSSION

*Parties' Arguments*

Defendants request that this Court reopen the case and impose sanctions pursuant to the Court's inherent power against Plaintiffs by dismissing the case and awarding Defendants attorneys' fees and costs. Defendants contend that Plaintiffs brought this action in bad faith solely to disparage Defendants and ruin their reputation. In support, Defendants argue that Plaintiff has filed ten other lawsuits and at least one arbitration proceeding based on the same core of operative facts. Defendants further state that other courts have compelled Plaintiffs to arbitrate four of the lawsuits; one action is currently stayed pending resolution of another lawsuit; Plaintiffs have failed to serve the defendants in two of the lawsuits; and another suit was settled. Defendants allege that after Florida's Third District Court of Appeal compelled arbitration, Plaintiffs no longer had an active court case and could not seek unfettered discovery. Defendants further allege that the Third District Court of Appeal compelling arbitration spurred Plaintiffs to file the instant action which is a repackaging of claims from the related actions disguised as RICO claims. Defendants contend that the filing of the instant action immediately after the Third District Court of Appeal compelled arbitration illustrates Plaintiffs' bad faith.

Defendants next argue that Plaintiffs' efforts to publicize this action further reveal their bad faith. Defendants point to a Lawstreetmedia.com news article that discussed the action the day after Plaintiffs filed the instant suit. Defendants claim that this article seems to be a press release by Plaintiffs. Defendants allege that this journalist has written an article previously about Plaintiffs' counsel, and argue that Plaintiffs and the journalist must have worked in concert on the article. Defendants argue that after months of no

change in the action, Plaintiffs consented to arbitration only after publicly disparaging Defendants through a public filing. Lastly, Defendants also argue that Plaintiffs' claims have been disproven in the related actions and that this RICO lawsuit is a frivolous filing with no merit.

Plaintiffs respond that Defendants are seeking to relitigate their motion to dismiss and that they are the ones who are using improper litigation techniques. Plaintiffs claim that two days after filing this Motion, Defendants, using a shell company with the same counsel, initiated an action against Plaintiffs in California. Plaintiffs contend that they had every right to file this case and that none of the other cases brought involved RICO claims. Next, Plaintiffs state that they consented to arbitration based on Defendants' Motion to Dismiss because that was the first time that Defendants expressed their willingness to arbitrate the claims. Plaintiffs next argue that it is the Defendants who are issuing defamatory press releases. Plaintiffs claim that, two days after filing the instant motion, the signatory to the motion for sanctions was quoted numerous times in a formal press release issued by Defendants. In contrast, Plaintiffs claim they never spoke to the woman who wrote the article regarding the lawsuit. Plaintiffs explain that although this woman may have written about them previously, the matter she reported on was a 2.6 billion dollar settlement that multiple outlets reported. Next, Plaintiffs argue that they had every right to file the claims in federal court rather than with an arbitrator because Defendants have flip-flopped their position in each lawsuit regarding arbitration, moving to compel in some and not in others. Plaintiffs further argue that the lawsuits have not all been brought against all the Defendants multiple times. In fact, eight out of the fifteen Defendants in this action are not a part of any other lawsuit. Finally, Plaintiffs contend that they have a

meritorious RICO filing and that this action is not frivolous.

The Court held a hearing on the Motion on November 4, 2021 where counsel for both Parties provided oral argument. The Court questioned the Parties on an issue that arose in one of their supposed "joint status reports." In the status report, a few of the Defendants asked the District Court whether they were supposed to go to a new arbitration based on the federal action or join this action with an already ongoing arbitration. *See* ECF Nos. 66 at 2–3; 77 at 10. The Court questioned the parties as to why they did not file a motion for clarification instead of burying the question in a status report. ECF No. 77 at 10. On this limited issue, the undersigned ordered the Parties to confer and determine whether a motion for clarification needed to be filed. ECF No. 77 at 12–13.[1]

*Analysis*

After reviewing the pleadings, an overarching question that the undersigned proposed to Defendants during the hearing, was "why now?" The undersigned asked Defendants' counsel this question many times, and is unconvinced by the answers from Defendants' counsel. Those answers consisted of: that the action is nothing more than "barratry"; the filing of a RICO complaint is the equivalent of a "thermonuclear bomb"; counsel for Defendants have accumulated a large amount of fees; and Plaintiffs could have raised these RICO claims in other actions but chose to do so now to continue their

1. Following the hearing, the Parties filed a notice that they complied with the Court's Order and conferred. ECF No. 75. Plaintiffs offered to consolidate this arbitration with the "Shader Arbitration." ECF No. 75 at 1. Defendants required ten days to confer with their clients to determine whether they wish to consolidate the arbitrations. ECF No. 75 at 1. On November 23, 2021, the Parties notified the Court that they have submitted the action to binding arbitration. ECF No. 78. The Parties agreed that this matter should be consolidated with another arbitration. ECF No. 78.

vexatious litigation tactics. While these contentions may eventually be proven to be true, they do not answer the simple question the undersigned posed.

The evidentiary standard governing use of a court's inherent power varies with the nature of the sanction imposed. *In re Brican Am. LLC Equip. Lease Litig.*, 977 F. Supp. 2d 1287, 1293 n.6 (S.D. Fla. 2013). "Any fundamentally penal sanctions—dismissals and default judgments, as well as contempt orders, awards of attorneys' fees, and the imposition of fines—require proof by clear and convincing evidence." *Id.* (citation and internal quotations omitted). Further, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Sutakovic v. CG RYC, LLC*, No. 18-20125-CIV-WILLIAMS/TORRES, 2018 WL 2766206, at *6 (S.D. Fla. June 8, 2018).

Here, the undersigned finds that not only would it be premature to impose such severe penal sanctions using the Court's inherent power, but also that Defendants have not met their burden of showing either bad faith or proof by clear and convincing evidence. Upon review, it appears that the District Court's Order expected the Parties to arbitrate, and only after arbitration and only if necessary, then seek any potential additional relief. The District Court ordered the Parties to arbitrate the action four months ago, but the Parties only recently submitted the action for arbitration.[2] Thus, it is premature for this Court to entertain imposing such penal sanctions until after arbitration, and, even then, only upon proof by clear and convincing evidence.

Therefore, the undersigned recommends that Defendants' Motion be DENIED without prejudice at this time. However, the undersigned further recommends that the

---

2. Additionally, the District Court ordered the Parties to file "joint" status reports regarding arbitration; however, after reviewing the status reports they are a far cry from being joint. The status reports consist of attacks by both Parties and do not aid the Court in any way.

Court continue to retain jurisdiction to allow Defendants to reraise these issues, if necessary, after the Parties arbitrate.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Joint Motion for Sanctions, ECF No. 52, be DENIED without prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 23rd day of November 2021.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Records