UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-60859-ALTMAN/Hunt

**ABS HEALTHCARE SERVICES, LLC,** *et al.*,

   *Plaintiffs*,
v.

**ANDREW SHADER,** *et al.*,

*Defendants.*
_____/

# ORDER

Magistrate Judge Patrick M. Hunt has submitted a Report and Recommendation ("R&R") [ECF No. 79], in which he suggests that the Court deny the Defendants' Joint Motion to Temporarily Lift Stay and for Imposition of Sanctions ("Motion") [ECF No. 52] without prejudice.[1] Specifically, Magistrate Judge Hunt has found—in light of an order compelling arbitration from Florida's Third District Court of Appeal—"that not only would it be premature to impose such severe penal sanctions using the Court's inherent power, but also that Defendants have not met their burden of showing either bad faith or proof by clear and convincing evidence." R&R at 6.

The parties have submitted this case to binding arbitration, *see id.* at 5 n.1 (citing ECF No. 78),[2] and, accordingly, Magistrate Judge Hunt further recommends that we "continue to retain jurisdiction to allow [the] Defendants to reraise these issues, if necessary, after the Parties arbitrate," *id.* at 6-7.

---

[1] All of the named Defendants joined in the Motion [ECF No. 52], including Andrew Shader, Corey Shader, National Health Solutions, Inc., Alliance Marketing Corporation, Infinix Media LLC, Scott Offutt, CS Marketing LLC, Prodigy Health Group, LLC, Adam Beeman, Joy Stormont, Kratos Investments, LLC, Health Team One LLC, Richard Ryscik, Beeman's Future Inc., and C Shader Investments.

[2] This case was submitted to the American Arbitration Association and consolidated with another pending arbitration. The consolidated action is styled *ABS Healthcare Services, LLC et al. v. Shader et al.*, AAA Case No. 1-21-0004-6909 (the "Arbitration"). [ECF No. 78] at 2.

> In his R&R, Magistrate Judge Hunt warned the parties as follows:
>
> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)."

*Id.* at 7. Neither party objected to the R&R, and 14 days have passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo. See* FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*, advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress intended to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). After reviewing the R&R, the Motion, the record, and the governing law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 79] is **ACCEPTED and ADOPTED**.

2. The Defendants' Joint Motion [ECF No. 52] is **DENIED without prejudice**.

3. The Defendants may re-file their motion after the arbitration has concluded.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of December 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record